UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONDENSER PEOPLE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:24-cv-6977 |
| OWNERS INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, Condenser People, Inc., by its undersigned attorneys, for its complaint against Defendant, Owners Insurance Company, states:

## FACTS

1. Plaintiff, Condenser People, Inc. ("Condenser"), is an Illinois citizen, being an Illinois corporation with its principal place of business in Mount Prospect, Illinois, and is engaged in the business of providing HVAC-R Coil cleaning services across the country.

2. Defendant, Owners Insurance Company ("Owners"), is a citizen of Ohio and Michigan, being an Ohio corporation with its principal place of business in Lansing, Michigan.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332(c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court pursuant to Title 28, U.S.C. § 1391 because Owners does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5.	Owners issued to Condenser a commercial auto insurance policy effective September 1, 2021 to September 1, 2022 ("the auto insurance policy", a copy of which is attached to this Complaint as Exhibit A).

6.	Under the auto insurance policy, Owners insured a Condenser flatbed truck (VIN No. 1HTSDAAN9YH265447) ("the flatbed truck") against direct and accidental loss or damage caused by its collision with another object.

7.	On or about June 22, 2022, while the auto insurance policy was in full force and effect, a Toyota Prius automobile collided with the flatbed truck, rendering the flatbed truck a total loss ("the loss").

8.	Condenser duly submitted a claim to Owners for benefits under the auto insurance policy.

## COUNT I
### (Breach of Contract)

9.	Condenser re-alleges paragraphs 1 through 8 of the Facts of the Complaint as paragraph 9 of count I of the Complaint.

10.	Condenser has substantially performed all post-loss conditions required by the auto insurance policy to be performed by it, requested of it, and/or not waived by Owners including, but not limited to, giving prompt notice of the loss, otherwise cooperating with Owners in the investigation of the loss and ensuing claim, and timely filing suit against Owners.

11.	Although requested to do so, Owners has failed and refused to pay Condenser for its loss related to the flatbed truck, which failure and refusal constitutes a breach of the insurance policy.

12.	This breach of the insurance contract was and is the direct and proximate cause of damages to Condenser in an amount in excess of $75,000.

13. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Condenser is entitled to prejudgment interest.

Wherefore, Plaintiff, Condenser People, Inc., requests that this Court enter judgment in its favor and against Defendant, Owners Insurance Company, in an amount in excess of $75,000 plus prejudgment interest.

## COUNT II
### (Section 155 Relief)

14. Condenser re-alleges paragraphs 1 through 12 of count I of the Complaint as paragraph 14 of count III of the Complaint.

15. As of the time of the loss, Owners' internal claim handling policies, practices, and procedures included compliance with Part 919 of the Illinois Administrative Code and compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

16. Condenser is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of Owners engaging in the following vexatious and unreasonable conduct:

   (a) failing to pay Condenser amounts due under the auto insurance policy within 40 days of the loss, which constitutes an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(A) of Part 919 of the Illinois Administrative Code;

   (b) failing to provide Condenser with a reasonable written explanation for the delay in resolving its claim, after the claim remained unresolved for more than 75 days after it notified Owners of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.80(d)(7)(B) of Part 919 of the Illinois Administrative Code;

   (c) failing to provide Condenser with reasonable written explanations for the 25-month delay in resolving its claim, in violation of section 154.6 of the Illinois Insurance Codes and the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code;

(d) failing to acknowledge with reasonable promptness pertinent communications from Condenser's public insurance adjuster regarding the claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of Part 919 of the Illinois Administrative Code;

(e) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the claim, a claim in which liability was reasonably clear, in violation of section 154.6(d) of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50 of Part 919 of the Illinois Administrative Code;

(f) failing to affirm or deny liability on the claim within 25 months of the loss, which is an unreasonable delay, in violation of section 154.6(i) of the Illinois Insurance Code and in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.50(a) of Part 919 of the Illinois Administrative Code; and

(g) failing to make a decision on the claim within 25 months of the loss, thus forcing Condenser to retain legal counsel to investigate the claim and to sue to recover the benefits that should have been immediately forthcoming under the auto insurance policy.

WHEREFORE, Plaintiff, Condenser People, Inc., prays for an award of attorney fees and other taxable costs under section 155 of the Illinois Insurance Code in its favor and against Defendant, Owners Insurance Company.

**Plaintiff Demands Trial by Jury.**

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina M. Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com
Attorneys for Plaintiff